E-FILED
Friday, 25 September, 2026 10:58:53 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **CAREAU BROACH,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-2257-SEM-DJQ** |
| | ) | |
| **JANE DOE, *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Careu Broach, proceeding *pro se* and currently imprisoned at Menard Correctional Center, filed a Complaint (#1) on August 17, 2026. The Complaint describes Plaintiff's 2022 arrest for and guilty plea to the offense of armed violence. Plaintiff names as Defendants five John or Jane Does: the Champaign County, Illinois, Public Defender; a Champaign County circuit court judge; a Champaign County prosecutor; the director of the Dolton, Illinois, Police Department; and the "Champaign County Head Director." The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

## BACKGROUND

Plaintiff was arrested in Dolton on February 25, 2022. He was "brutally attacked" during the course of his arrest.

Plaintiff was transported to the Champaign County Jail. While there, Plaintiff was denied medical care and placed in an overcrowded bullpen. He was denied access to food and water. The area he was in was "filled" with vomit and feces. Plaintiff was in these conditions for two to three days.

Plaintiff was represented by the Champaign County Public Defender. She provided him with misinformation about his charges and declined to recognize that one or more of his prior convictions was void. Plaintiff's attorney relayed threats from "officials" and made threats herself in an effort coerce Plaintiff into pleading guilty. Unnamed county officials told Plaintiff that if he did not plead guilty, his family would face retaliation.

Plaintiff pled guilty on July 29, 2022. The judge in his case also failed to realize that one or more of his prior convictions were unconstitutional. The judge "falsely convicted and sentenced" Plaintiff. The prosecutor also committed misconduct in that she

utilized false police reports and false evidence.

In August of 2022, Plaintiff was transferred to Stateville Northern Reception and Classification Center. There he was interviewed by police detectives, who informed him that if he filed an appeal his family would be "attack[ed] with death." Plaintiff nonetheless appealed, and on October 29, 2022, his brother was found dead in a Dolton Police Department holding cell.

**Analysis**

Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (#4). In determining whether the Court should attempt to find an attorney to voluntarily take a case, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff does not state that he has made any attempts to obtain counsel (or sufficiently explain how he was precluded from doing so), let alone submit any evidence of such attempts. A plaintiff's failure to "show

the district court that he tried to obtain counsel on his own" is "reason enough to deny the request" for counsel. *Rivera v. Jimenez*, 556 F. App'x 505, 507 (7th Cir. 2014). Accordingly, Plaintiff's Motion to Request Counsel (#4) is DENIED.

<u>Merit Review</u>

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing a complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

All of the conduct Plaintiff describes in his Complaint occurred

more than four years ago. "Generally, the failure to file a lawsuit within the applicable statute of limitations period is an affirmative defense that must be asserted and proven by a defendant." *Bracey v. Jackson*, 2024 WL 173520, at *1 (C.D. Ill. Jan. 16, 2024). "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), as amended on denial of reh'g and reh'g en banc (Aug. 11, 2005). Thus, "a district court may dismiss a plaintiff's complaint at the merit review stage of the case on statute of limitations grounds if the defense is obvious from the complaint." *Bracey*, 2024 WL 173520, at *1.

The "limitations period applicable to § 1983 actions brought in Illinois is the two-year period for general personal injury actions set forth in 735 ILCS 5/13-202." *Woods v. Illinois Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 766 (7th Cir. 2013). "A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of*

*Chi.*, 914 F.3d 472, 478 (7th Cir. 2019).

Plaintiff has described excessive force in the course of his arrest, unsanitary jail conditions, coercion by his defense counsel and others in the entry of his guilty plea, various constitutional violations by the state court judge and prosecutor, and further attempts at coercion in the appeal process. He affirmatively alleges that all of that conduct occurred between February and August of 2022.

The statute of limitations expired two years ago. And Plaintiff's Complaint does not hint at any "extraordinary circumstance" that prevented him from bringing a timely action. *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). The face of Plaintiff's Complaint "plainly reveals that [his] action is untimely under the governing statute of limitations." *Lewis*, 411 F.3d at 842.Plaintiff's Complaint must therefore be dismissed for failure to state a claim. See *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the

complaint is subject to dismissal for failure to state a claim[.]”).

The Court will not grant Plaintiff leave to file an amended complaint. Because the statute of limitations has clearly expired on all of Plaintiff’s claims, any amendment would be futile. See *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (“A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations.”). Plaintiff’s Complaint is therefore dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff’s Motion for Appointment of Counsel (#4) is DENIED.

2. Plaintiff’s Complaint (#1) is DISMISSED with prejudice for failure to state a claim.

ENTERED September 25, 2026.

s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**